CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 2 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| DAMIEN JERMAINE BARNER, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:08CV00376 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| SGT. BENTLEY, ET AL., ) | |
| ) | By: Glen E. Conrad |
| Defendants. ) | United States District Judge |
| ) | |

Plaintiff Damien Jermaine Barner, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his amended complaint, Barner alleges that the defendant corrections officers used excessive force against him, denied him adequate medical treatment for his resulting injuries, and denied him paperwork necessary to exhaust administrative remedies. Defendants have moved for summary judgment, arguing that Barner's complaint as amended should be dismissed because he failed to exhaust available administrative remedies as required under 42 U.S.C. § 1997e(a). Barner responded to the motion, making the matter ripe for disposition. Upon consideration of the complaint, defendants' motion must be granted in part and denied in part.

## Background

Barner's claims are based on the following alleged sequence of events at Wallens Ridge State Prison. On April 28, 2007, at about 4:40 p.m., Barner asked Officers Harrison and Meade to call a sergeant to speak with him. Sergeant Bentley then came to Barner's cell and asked, "What's the problem?" As Barner started to explain, Bentley pulled out a can of pepper spray and, without warning, sprayed the substance in Barner's face and eyes. Barner staggered away from the officer in surprise. Blinded by the pepper spray, Barner could not see which officer took each of the acts that followed. An officer forcefully grabbed Barner and slammed him into the wall, causing injury to Barner's head. Then, one of the officers slammed the inmate to the floor. Attempting to break his fall with his hand, Barner suffered injury to his left "pinky" finger. While Barner was on the

floor on his stomach, an officer pressed his knee into Barner's back, causing injury to his lower back, and forced his arms into awkward and painful positions.

The officers handcuffed Barner at this point and escorted him to the segregation pod. Once Barner was inside a cell in that pod, Bentley ordered him to get on his knees. Barner said that he could not do so because he had been injured. Bentley and other officers slammed Barner to the floor. With his hands cuffed, Barner could not break his fall and further injured his head and back. An officer grabbed Barner's right index finger and twisted it. Bentley said, "When I give you an order do what I say. You hear me?" The officers yanked Barner by his arms until he was standing and shut the cell door behind him. Bentley ordered him to put his hands through the tray slot in the door so the cuffs could be removed, and Barner complied. An officer yanked him by the cuffs several times, causing the cuffs to cut into his wrists and causing further injury to his back.

Later that night, Barner submitted a request for medical treatment. About 7:30 p.m., he was moved to another segregation pod where he was forced to wear clothes soaked in pepper spray. He was not afforded a shower or fresh clothes until the following day. On May 1, 2007, a nurse responded to his medical request, stating that he was on the sick call list to see a nurse. The next day, a nurse made a visual examination of Barner through his cell door window. The following week, Dr. Thompson asked Barner about his injuries. Barner describes his injuries from the April 28, 2007 incident as follows: back pain, broken left pinky finger, jammed right index finger, "spranged" right wrist, cuts to each wrist, and head injuries. The doctor provided no medical treatment and told Barner to "just lay down and rest."

Wallens Ridge has an "in-house" rule allowing only building supervisors to provide inmates with informal complaint forms, required to complete the first step of the prison's grievance procedures. Each building supervisor refused to give Barner an informal complaint form. After spending thirty days in the segregation pod, Barner was moved to the "non-privilege" pod where inmates' movements are restricted. During this period, he was still denied access to informal

- 2 -

complaint forms. Even after he was reassigned to a general population pod, he was denied forms for another two months.

Barner first acquired the proper form on September 14, 2007, five months after the incident, and immediately filed an informal complaint about the alleged assault on April 28, 2007. Sgt. McQueen responded, saying that the prison had no record of the incident. Plaintiff "appealed" this response by filing a regular grievance, explaining in the text that his grievance was late because officers had refused to give him informal complaint forms for five months and had threatened reprisals if he filed a complaint. The grievance coordinator, B. J. Ravizee, marked the grievance rejected as untimely filed and returned it to him. Barner then sent a letter to Regional Director Larry Huffman, describing the assault on April 28, 2007 and his trouble obtaining forms; he allegedly attached copies of the informal complaint form and the regular grievance that had been rejected as untimely. He never received a response from Huffman.

Barner alleges that he is entitled to relief under § 1983 based on the following claims: use of excessive force against plaintiff on April 28, 2007; deliberate indifference to plaintiff's serious medical need for treatment related to injuries received as a result of the alleged excessive force; denial of due process when officers refused to provide him with prompt access to the forms necessary to pursue prison grievance remedies; threats of retaliation against him if he filed complaints; and failure to investigate his complaint and grievance once filed.

## Discussion

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust.,

- 3 -

Inc., 763 F.2d 604, 610 (4th Cir. 1985). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986).

## A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Failure to file on time, according to the agency's deadlines, is not "proper exhaustion." Id. An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust. See Jones v. Bock, 549 U.S. 199, 216 (2007).

## B. Defendants' Evidence

Defendants attach to their motion a copy of Virginia Department of Corrections (VDOC) Division Operating Procedure (DOP) 866, the grievance procedure available to Barner at Wallens Ridge, and an affidavit from Ms. Ravizee, the Wallens Ridge grievance coordinator. Inmates are oriented to the procedures of DOP 866.1 when they first enter VDOC custody. Under DOP 866.1, an aggrieved inmate must follow three distinct steps to exhaust the procedure's remedies. First, he must make a good faith effort to resolve the issue informally, by pursuing an informal complaint to the appropriate department head. If the inmate is not satisfied with the response to the informal complaint, he may file a regular grievance within 30 days from the occurrence or incident, or from

- 4 -

the discovery of the occurrence or incident, whichever date is later.[1] The inmate must attach the informal complaint to his regular grievance form or explain in the regular grievance text his informal attempts to resolve the problem. If the regular grievance meets intake requirements, the grievance coordinator will log it for processing and send the inmate a receipt. If the grievance does not meet intake criteria for acceptance, the grievance coordinator will note the deficiencies on the back of the form and return it to the inmate. The form states that the inmate has five calendar days from the day the rejected grievance is returned to him in which to submit the grievance to the "Regional Ombudsman" for review of the intake decision. Ravizee states that an appeal of the intake decision goes to the "Regional Director." She also states that this procedure is the last level of review of the intake decision.

Ravizee reviewed the prison's grievance file for Barner. These records indicate that Barner filed a regular grievance on October 3, 2007, complaining that officers had assaulted him on April 28, 2007, that he had been denied informal complaint forms, and that he had received threats from officers over the incident. The officer who received Barner's grievance noted on the back of the form that the filing time had expired and noted that regular grievances are to be filed within thirty days from the date of the occurrence or its discovery. As the grievance did not meet intake requirements because of the delay in filing, it was not assigned a log number and was returned to Barner. Ravizee says that, according to grievance records, Barner did not appeal to the Regional Director and therefore did not exhaust his administrative remedies as to his claims of excessive force or denial of access to forms. Ravizee also states that Barner did not file any regular grievances concerning any other claims raised in his § 1983 action and that he thus failed to exhaust available administrative remedies as to these other claims.

Defendants have also responded to Barner's allegation that he could not obtain informal complaint forms for five months. Defendants submit affidavits from building supervisors stating

---

[1] Officials are directed to respond to informal complaints within 15 days to allow the inmate to file a regular grievance on the issue within the 30-day time limit.

- 5 -

that in the units where Barner was housed during the five months after the alleged assault on April 28, 2007, informal complaint forms and grievance forms were available to inmates upon request. These supervisors deny that they refused to provide Barner with any such forms during this time.

## C. Material Disputes Regarding Exhaustion

The court concludes that defendants' motion under § 1997e(a) must be denied as to Barner's claims of excessive force and denial of access to informal complaint forms. Barner asserts that during the five months after April 28, 2007, he repeatedly asked each of the building supervisors for informal complaint forms and was refused access to such forms until September 2007. Since Barner would also have needed an informal complaint form on which to complain that he was not receiving forms, he cannot be expected to support his unsuccessful requests for forms with documentation in the grievance coordinator's file. Defendants provide no evidence that he filed other informal complaints during the period between April 28 and September 13, 2007. They offer merely the absence of grievance records ( which does not contradict Barner's allegation that he had no forms to file) and affidavits from building supervisors affirming that forms were available to Barner on request and were never denied to him. Defendants offer no authority on which the court could determine, on summary judgment, whose statements are more credible concerning availability of forms. See Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) (finding that where resolution of an issue of fact depends upon credibility determination, summary judgment is not appropriate). Accordingly, the court finds Barner's specific allegations that he was denied forms to be sufficient to create a genuine issue of material fact as to whether his efforts to exhaust administrative remedies in a timely manner were frustrated by the actions of prison officials so as to satisfy § 1997e(a). See, e.g., Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)" and inmate's allegations raised an inference that he exhausted "available" remedies).

In addition, Barner presents evidence that he did complete one set of administrative procedures. Barner's informal complaint and regular grievance both clearly raise the excessive force

- 6 -

claim. He alleges and submits evidence indicating that after his grievance was rejected as untimely, he completed the next level of review by sending his complaint and grievance to the Regional Director. These specific allegations in the verified amended complaint are supported by his exhibits and are sufficient to create a genuine issue of material fact. Accordingly, the court must deny defendants' motion for summary judgment under § 1997e(a) as to Barner's claim of excessive force.

## D. Other Claims Not Properly Exhausted

The court finds no genuine issue of material fact, however, as to Barner's failure to exhaust administrative remedies regarding his remaining claims. First, Barner does not dispute defendants' evidence that he did not file a regular grievance about being denied medical treatment for injuries he allegedly received in the April 28, 2007 incident. The request for medical treatment that he filed on April 28, 2007 cannot constitute exhaustion of his current complaint that he never received the requested treatment. Moreover, Barner's regular grievance about the April 28, 2007 incident makes no mention whatsoever of any need for medical treatment or of any officer ignoring requests for medical treatment. Barner first mentions denial of medical treatment in the letter that he purportedly sent to the Regional Director after his regular grievance on excessive force was rejected as untimely. Finding no evidence in the record from which Barner could prove proper exhaustion of all levels of the administrative remedies procedures as to his medical claim, as required under Ngo, 548 U.S. at 90, the court finds defendants' motion to be well taken; the court will dismiss the medical claim without prejudice pursuant to § 1997e(a).

Similarly, Barner fails to demonstrate that he presented his other claims through every level of the grievance procedure as required for proper exhaustion. In the one informal complaint form he filed, he did not mention his inability to obtain forms or anything about threats of retaliation for filing complaints. He does refer to these problems in the regular grievance filed in September 2007, but since he had already skipped the informal resolution step, his grievance would have been rejected on this ground if it had not been rejected as untimely filed.

- 7 -

Finally, Barner does not refute defendants' evidence that he presented no grievance whatsoever concerning his allegations that defendants violated his rights by failing to investigate his grievances once filed. Hence, he presents no genuine issue of material fact, and the defendants are entitled to summary judgment on the ground that he failed to properly exhaust administrative remedies as to all of his claims except excessive force. These claims will be dismissed without prejudice, pursuant to § 1997e(a). In any event, these unexhausted claims are without merit.[2]

## E. Claims Dismissed under 28 U.S.C. § 1915A(b)(1)

To state a claim under § 1983, plaintiff must allege facts showing personal fault on the part of a defendant based on either the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). The only claim that survives defendant's motion for summary judgment is Barner's claim that Defendants Bentley, Mullins, and Harrison used excessive force against him on April 28, 2009. Barner does not allege that any of the other defendants were personally involved in this incident. Accordingly, the claim of excessive force will be dismissed, pursuant to § 1915A(b)(1), as to all other defendants.

### Conclusion

For the stated reasons, the court concludes that defendants' motion for summary judgment on the ground of failure to exhaust administrative remedies must be denied as to Barner's claim of excessive force, but granted as to all other claims. The claim of excessive force by Defendants Bentley, Mullins, and Harrison on April 28, 2007, will go forward. Defendants will be granted opportunity to file any other dispositive motions regarding this claim. An appropriate order shall be issued this day.

---

[2] As Barner had no constitutional right to participate in the grievance procedures at Wallens Ridge, his claims of denial of access to complaint forms and failure to investigate grievances are not of constitutional significance and are therefore not actionable under § 1983. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Any attempted claim that prison officials violated Barner's rights under the state prison grievance procedures themselves is a state law claim and so is not independently actionable under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990). Finally, verbal threats of retaliation are not sufficient to state any constitutional claim. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

- 8 -

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _12th_ day of February, 2009.

_Jl/ck Conrad_
United States District Judge

Case 7:08-cv-00376-GEC-mfu   Document 29   Filed 02/12/09   Page 9 of 9   Pageid#: 172